UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL MOORE, | No.  2:13-cv-1478 DAD |
| Plaintiff, | |
| v. | ORDER |
| PET SUPERMARKET, INC., | |
| Defendant. | |

This matter came before the court on October 10, 2014, for hearing of defendant's motion for summary judgment.[1]  Attorney Shelley Bryant appeared on behalf of the plaintiff and attorney Rachel Moroski appeared on behalf of the defendant.  Oral argument was heard and defendant's motion was taken under submission.

For the reasons set forth below, defendant's motion for summary judgment will be granted in part and denied in part.

BACKGROUND

Plaintiff Darrell Moore, a resident of California, was first hired by defendant Pet Supermarket, a Florida Corporation, as a store manager for defendant's South Lake Tahoe store

/////

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).  (Dkt. No. 12.)

in December of 2011.[2]  Plaintiff suffers from a seizure disorder and requires the assistance of a seizure alert service dog.  Defendant was not aware of plaintiff's condition or that he required the assistance of a service dog until after plaintiff's employment commenced.  On March 21, 2012, defendant terminated plaintiff's employment.[3]

Plaintiff commenced this action, brought pursuant to the California Fair Employment and Housing Act, ("FEHA"), California Government Code § 12900, et seq., on July 23, 2013.[4]  (Dkt. No. 2.)  Plaintiff's complaint alleges claims for discrimination based on a perceived disability, failure to accommodate, failure to engage in the interactive process and failure to prevent discrimination.

## LEGAL STANDARDS

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

---

[2] Plaintiff contends that his employment commenced on December 26, 2011.  (Dkt. No. 26-1 at 1.)  Defendant contends simply that plaintiff was hired in December 2011.  (Def.'s MSJ (Dkt. No. 25-1) at 9.)  To the extent there may be a dispute on this point, it is not a material one.

[3] Almost everything that occurred between plaintiff's hiring and his termination is disputed by the parties.  Accordingly, the court has set forth above the basic undisputed facts and will address below the disputed factual assertions necessary to the resolution of defendant's pending summary judgment motion.

[4] In plaintiff's complaint he asserts that this action is also brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.  (Dkt. No. 1 at 1-3.)  However, plaintiff's claims are based solely on allegations that the defendant discriminated against him based on plaintiff's disability.  "Title VII does not encompass discrimination on the basis of disability."  Davis v. Team Elec. Co., 520 F.3d 1080, 1093 n.8 (9th Cir. 2008).  See also Washburn v. Harvey, 504 F.3d 505, 508 (5th Cir. 2007) ("Washburn's Title VII claim fails because Title VII does not proscribe discrimination on the basis of disability."); Mitchell v. Chapman, 343 F.3d 811, 824 n.12 (6th Cir. 2003) ("Title VII does not address disability discrimination."); Brennan v. National Telephone Directory Corp., 881 F. Supp. 986, 996-97 (E.D. Pa. 1995) ("The defendants correctly note that while Title VII prohibits discrimination based upon a person's 'race, color, religion, sex, or national origin,' 42 U.S.C. § 2000e–2, it does not prohibit disability discrimination.").  Therefore, the court construes the complaint as alleging claims only under FEHA.  Despite the lack of a claim arising under the Constitution or laws of the United States, the "court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000."  (Dkt. No. 1 at 2.)

2

1    Under summary judgment practice, the moving party "initially bears the burden of
2    proving the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation,
3    627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).
4    The moving party may accomplish this by "citing to particular parts of materials in the record,
5    including depositions, documents, electronically store information, affidavits or declarations,
6    stipulations (including those made for purposes of the motion only), admission, interrogatory
7    answers, or other materials" or by showing that such materials "do not establish the absence or
8    presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to
9    support the fact." FED. R. CIV. P. 56(c)(1)(A), (B). When the non-moving party bears the burden
10   of proof at trial, "the moving party need only prove that there is an absence of evidence to support
11   the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325.).
12   See also FED. R. CIV. P. 56(c)(1)(B). Indeed, summary judgment should be entered, after
13   adequate time for discovery and upon motion, against a party who fails to make a showing
14   sufficient to establish the existence of an element essential to that party's case, and on which that
15   party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. "[A] complete failure
16   of proof concerning an essential element of the nonmoving party's case necessarily renders all
17   other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so
18   long as whatever is before the district court demonstrates that the standard for entry of summary
19   judgment . . . is satisfied." Id. at 323.
20   If the moving party meets its initial responsibility, the burden then shifts to the opposing
21   party to establish that a genuine issue as to any material fact actually does exist. See Matsushita
22   Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the
23   existence of this factual dispute, the opposing party may not rely upon the allegations or denials
24   of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or
25   admissible discovery material, in support of its contention that the dispute exists. See FED. R.
26   CIV. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the
27   fact in contention is material, i.e., a fact that might affect the outcome of the suit under the
28   governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,

Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

In assessing a motion for summary judgment brought in the context of an employment discrimination action such as this one, it is important to recognize that "California has adopted the three-stage burden-shifting test established by the United States Supreme Court [in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)] for trying claims of discrimination . . . ." Guz v. Bechtel National, Inc., 24 Cal.4th 317, 354 (2000).

> Under the three-part McDonnell Douglas test, the plaintiff bears the initial burden of establishing a prima facie case of employment discrimination. Once the plaintiff has done so, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. If the employer articulates a legitimate reason, the plaintiff must raise a triable issue that the employer's proffered

4

>  reason is pretext for unlawful discrimination. The ultimate burden
>  of persuasion remains with the plaintiff.

Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1112 (9th Cir. 2011) (citation omitted).

However, when the defendant employer has moved for summary judgment "the burden is reversed . . . because the defendant who seeks summary judgment bears the initial burden." Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc., 642 F.3d 728, 745 (9th Cir. 2011) (quotation omitted). "Thus, [t]o prevail on summary judgment, [the employer is] required to show either that (1) plaintiff could not establish one of the elements of [the] FEHA claim or (2) there was a legitimate, nondiscriminatory reason for its decision to terminate plaintiff's employment." Id. (quotation omitted) (alterations in original). If the employer meets its initial burden on summary judgment, the discharged employee must then demonstrate either "that the defendant's showing was in fact insufficient or . . . that there was a triable issue of fact material to the defendant's showing." Id. at 746 (quotation omitted) (omission in original).

## ANALYSIS

**I.  Disability Discrimination**

"To show a prima facie case of disability discrimination under FEHA, a plaintiff must show that: (1) []he is a member of a protected class; (2) []he was performing competently in the position []he held; (3) []he suffered an adverse employment action, such as termination; and (4) some other circumstances that suggest a discriminatory motive." Lawler v. Montblanc North America, LLC, 704 F.3d 1235, 1242 (9th Cir. 2013).

Defendant argues that plaintiff's claim for disability discrimination fails as a matter of law because the evidence on summary judgment establishes that plaintiff was not competently performing the position he held. (Def.'s MSJ (Dkt. No. 25-1) at 13-14.[5]) In support of this argument, defendant has tendered evidence establishing the following. On January 30, 2012, a loss prevention analyst notified defendant that plaintiff's store violated defendant's cash drop policy. (Decl. Nicol Russell, Ex 1. (Dkt. No. 25-4) at 7.) On January 11, 2012, shortly after

---

[5]  Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  plaintiff was hired, his store received a score of 88% on a secret shopper survey.  (Decl. Rachel
2  Moroski, Ex. 12 (Dkt. No. 25-3) at 88-89.)  On February 17, 2012, plaintiff's store was again
3  visited by a secret shopper and received a score of 77%.  (Decl. Rachel Moroski, Ex. 13 (Dkt. No.
4  25-3) at 92-93.)  From December 31, 2011, to February 29, 2012, plaintiff's store dropped in rank
5  from 72 to 100 out of 120 stores, had the lowest bonus-pool possibility, and was pacing at 87.10
6  % of its sales goals.  (Decl. Russell, Ex. 3 (Dkt. No. 25-3) at 15.)  Plaintiff's supervisor informed
7  him that "these numbers were obviously not where we needed to be."[6]  (Deposition Transcript
8  "DT" Darrell Moore (Dkt. No. 25-3) at 40.)

9  However, plaintiff has tendered evidence on summary judgment that, when drawing all
10 reasonable inferences supported by the evidence in favor of plaintiff, would support the finding
11 that he was performing competently.[7]  Thus, plaintiff has come forward with evidence of the
12 following.  It was defendant's practice to discipline sales associates for poor secret shopper
13 reports, not store managers.  (See Deposition Transcript ("DT") William Lanier (Dkt. No. 26-3)
14 at 77-78); DT Nicol Russell (Dkt. No. 26-3) at 226-27.)  Newly hired store managers would not

---

[6] Defendant also asserts that other "store managers, including Cornia Sheaffer and Nidia Mendez expressed concern that Moore was unable to perform his job."  (Def.'s MSJ (Dkt. No. 25-1) at 14.)  It is not clear, however, that the evidence offered purportedly in support of this assertion is entirely consistent with the conclusion drawn from it by the defendant.

[7] Defendant has prepared a response to plaintiff's separate statement of disputed material facts in which defendant asserts various objections based on arguments of relevance, speculative nature, ambiguity, etc. to some of plaintiff's asserted disputed material facts.  (See Dkt. No. 27-2.)  In resolving defendant's motion for summary judgment, the court finds is unnecessary to rule on defendant's objections at this time, since plaintiff's objected to evidence is not being relied upon by the court in resolving defendant's motion.  Moreover, the court would note that "[a]t summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial."  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Block v. City of Los Angeles, 253 F.3d 410, 418-19 (9th Cir. 2001)) (internal quotations omitted).  The focus is instead on the admissibility of the evidence's contents, not its form.  See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003).  "Objections to evidence on the ground that the evidence is irrelevant, speculative, argumentative, vague and ambiguous, or constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself."  Century 21 Real Estate LLC v. All Prof'l Realty, Inc., 889 F.Supp.2d 1198, 1215 (E.D. Cal. 2012) (citing Burch v. Regents of the Univ. of Cal., 433 F.Supp.2d 1110, 1119-20 (E.D. Cal. 2006)).  "Even if the non-moving party's evidence is presented in a form that is currently inadmissible, such evidence may be evaluated on a motion for summary judgment so long as the moving party's objections could be cured at trial."  Id.

1  normally be terminated based solely on the results of a poor loss prevention inspection. (See DT
2  Diane Vincent (Dkt. No. 26-3) at 154.) During plaintiff's employment there was an assistant
3  manager employed by defendant who defendant recognized was "not good for business or the
4  team" but who was not fired. (See DT Nicol Russell (Dkt. No. 26-3) at 244.) By the end of
5  January 2012, plaintiff's store "functioned very well" and "better than most . . . ."[8] (See DT
6  Corina Sheaffer (Dkt. No. 26-3) at 191.) The sales pacing of the defendant's Reno store was
7  repeatedly below the established goal, dipping as low as 79% of its sales goals, and nonetheless
8  defendant's Reno store manager was not disciplined. (See DT William Lanier (Dkt. No. 26-3) at
9  82-84.) Defendant's loss prevention inspection and cash drop policy was not considered in
10  terminating plaintiff. (See DT Nicol Russell (Dkt. No. 26-3) at 201-04.)

11  Plaintiff has also at summary judgment tendered evidence of the following. When he
12  arrived for his first day of work with his service dog it was a surprise to both the Reno store
13  manager, who was to participate in plaintiff's training, and to plaintiff's district manager. (See
14  DT Williams Lanier (Dkt. No. 26-3) at 67.) The presence of plaintiff's service dog appeared to
15  agitate the Reno store manager. (See DT Darrell Moore (Dkt. No. 26-3) at 82.) Plaintiff's
16  service dog was viewed as a potential liability. (See DT Diane Vincent (Dkt. No. 26-3) at 149.)
17  Other employees of defendant complained about plaintiff's service dog. (See DT Darrell Moore
18  (Dkt. No. 26-3) at 20-21.) Finally, plaintiff was promised training that he never received. (See
19  DT Darrell Moore (Dkt. No. 26-3) at 15; DT Nidia Mendez (Dkt. No. 26-3) at 104; DT Nicol
20  Russell (Dkt. No. 26-3) at 214.)

21  In light of the evidence offered by plaintiff in opposition to the granting of summary
22  judgment, the court finds that there is a genuine issue of material fact as to whether plaintiff has
23  established a prima facie case of disability discrimination.   See Sandell v. Taylor-Listug, Inc.,
24  188 Cal.App.4th 297, 310 (2010) ("The prima facie burden is light; the evidence necessary to
25  sustain the burden is minimal.").

---

[8] In his opposition to the pending motion, plaintiff asserts that from the end of January of 2012 to the end of March of 2012, his store registered 92%, 87% and 101% of its sales goals. (Dkt. No. 26-2 at 13-14.) Plaintiff cites to an "Ex 36 to Mendez Depo" in making this assertion. (Id.) The court, however, has been unable to locate an Ex 36 in any of plaintiff's filings.

Defendant argues that even if plaintiff established a prima facie case, that case is easily rebutted by defendant's legitimate, non-discriminatory reason for terminating plaintiff, specifically that he was performing poorly as a store manager, as established by the evidence "described above" and that therefore "there is not triable issue of pretext." (Def.'s MSJ (Dkt. No. 25-1) at 14, 15.) Defendant contends that "[t]his case boils down to two critical facts, both of which are undisputed," and that one of those facts is that plaintiff "was a probationary, at-will employee . . . and there is no evidence to suggest that his termination was due to anything other than his performance."[9] (Def.'s Reply (Dkt. No. 27) at 4.)

However, "an at-will employee may not lawfully be discharged in violation of FEHA, and whether that occurred here is the ultimate issue." Kelly v. Stamps.com Inc., 135 Cal.App.4th 1088, 1102 (2005). See also Collins v. Virtela Technology Services, Inc., No. C 12-613 CW, 2012 WL 4466551, at *11 (N.D. Cal. Sept. 26, 2012) ("at-will employment status is generally not a defense for FEHA claims"); cf. Stevenson v. Superior Court, 16 Cal.4th 880, 887 (1997) ("An employer may not discharge an at will employee for a reason that violates fundamental public policy."). Moreover, for the reasons set forth above, defendant's purported legitimate and non-discriminatory reason for plaintiff's termination - that plaintiff was performing poorly as a store manager - is itself a disputed issue of material fact. Again, plaintiff has tendered evidence from which the trier of fact could reasonably conclude that the defendant did not terminate plaintiff for a legitimate, non-discriminatory reason and that the reason offered by defendant to support its action was a mere pretext.

Accordingly, the court concludes that there is a disputed issue of material fact as to whether defendant has produced a legitimate, nondiscriminatory reason for terminating plaintiff and whether the stated reason was pretextual. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148 (2000) ("plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated"); Noyes v. Kelly Services, 488 F.3d 1163, 1172 (9th Cir.

---

[9] Defendant contends that the other critical fact relates to its efforts to accommodate plaintiff. That issue is addressed below.

2007) ("We hold that Noyes' specific, substantial evidence undermining the credibility of Kelly Services' explanation for its promotion decision, coupled with her evidence as to favoritism, was sufficient to raise a genuine issue of fact as to pretext."); Payne v. Norwest Corp., 113 F.3d 1079, 1080 (9th Cir. 1997) ("the plaintiff who has established a prima facie case need produce very little evidence of discriminatory motive to raise a genuine issue of fact as to pretext"); Brandon v. Rite Aid Corp., Inc., 408 F.Supp.2d 964, 980 (E.D. Cal. 2006) ("[T]he legitimacy of Rite Aid's proffered non-discriminatory reason for Brandon's termination is in dispute. Accordingly, it is not appropriate to shift the burden back to Plaintiff to establish pretext.").

Defendant's motion for summary judgment will therefore be denied as to plaintiff's FEHA claim of discrimination based on a perceived disability. See Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1112 (9th Cir. 2011) ("We require very little evidence to survive summary judgment in a discrimination case, because the ultimate question is one that can only be resolved through a searching inquiry – one that is most appropriately conducted by the factfinder, upon a full record."); Lindsey v. SLT Los Angeles, LLC, 447 F.3d 1138, 1153 (9th Cir. 2006) ("Intentional discrimination cases such as this one present precisely the kinds of complex factual questions best addressed by juries."); Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006) ("In the context of employment discrimination law under Title VII, summary judgment is not appropriate if, based on the evidence in the record, a reasonable jury could conclude by a preponderance of the evidence that the defendant undertook the challenged employment action because of the plaintiff's race.")[10]; Lowe v. City of Monrovia, 775 F.2d 998, 1009 (9th Cir. 1985) ("Once a prima facie case is established either by the introduction of actual evidence or reliance on the McDonnell Douglas presumption, summary judgment for the defendant will ordinarily not be appropriate on any ground relating to the merits because the crux of a Title VII dispute is the elusive factual question of intentional discrimination.").

/////

/////

---

[10] "Title VII and FEHA operate under the same guiding principles . . . ." Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000).

## II. <u>Failure to Accommodate and Failure to Engage in the Interactive Process</u>

Defendant also argues that it is entitled to summary judgment in its favor with respect to plaintiff's claims for failure to accommodate, (CAL. GOV. CODE § 12940(m)), and failure to engage in the interactive process, (CAL. GOV. CODE § 12940(n)) which, according to defendant, fail as a matter law.

California Government Code § 12940(m) provides that it is an unlawful employment practice for an employer to "fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee." "The essential elements of a failure to accommodate claim are: (1) the plaintiff has a disability covered by the FEHA; (2) the plaintiff is a qualified individual (i.e., he or she can perform the essential functions of the position); and (3) the employer failed to reasonably accommodate the plaintiff's disability." Jensen v. Wells Fargo Bank, 85 Cal.App.4th 245, 256 (2000). For purposes of an alleged failure to reasonably accommodate a disability, a "plaintiff proves he or she is a qualified individual by establishing that he or she can perform the essential functions of the position to which reassignment is sought, rather than the essential functions of the existing position." Id.

California Government Code § 12940(n) in turn provides, in pertinent part, that: "It is an unlawful employment practice . . . [f]or an employer . . . to fail to engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." "[T]he interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees with the goal of identify[ing] an accommodation that allows the employee to perform the job effectively." Nadaf–Rahrov v. Neiman Marcus Grp., Inc., 166 Cal.App.4th 952, 984 (2008) (internal quotation marks omitted). An employer's duties under §§ 12940(m) and 12940(n) are inextricably linked. See Gelfo v. Lockheed Martin Corp., 140 Cal. App.4th 34, 61 (2006).

> An "employer cannot prevail on summary judgment on a claim of failure to reasonably accommodate unless it establishes through undisputed facts" that "reasonable accommodation was offered and

10

> refused," that "there simply was no vacant position within the employer's organization for which the disabled employee was qualified and which the disabled employee was capable of performing with or without accommodation," or that "the employer did everything in its power to find a reasonable accommodation, but the informal interactive process broke down because the employee failed to engage in discussions in good faith."

Department of Fair Employment and Housing v. Lucent Technologies, Inc., 642 F.3d 728, 743-44 (9th Cir. 2011) (quoting Jensen, 85 Cal. App.4th at 245).

Here, plaintiff has failed to identify what additional accommodation he required but was denied or precisely how the informal interactive process broke down. It is undisputed that plaintiff did not notify the defendant of his seizure disorder or his need for a service dog prior to the commencement of his employment. When plaintiff arrived for work with his service dog he told another employee that he needed the accommodation of having a service animal with him. (DT Moore (Dkt. No. 25-3) at 28.) Moreover, it is undisputed that plaintiff was granted the accommodation and allowed to have his service dog with him during the entirety of his employment with defendant. (Id. at 29.) It is also unchallenged that defendant provided plaintiff with a bed for his service dog, granted plaintiff periodic breaks so that his service dog could relieve herself and placed no prohibitions on plaintiff's employment because of his service dog. (See DT Darrell Moore (Dkt. No. 25-3) at 34; Vincent Decl., Ex. 2 (Dkt. No. 25-5) at 44.) Finally, Nicol Russell, plaintiff's district manager, specifically discussed with plaintiff the topic of accommodation and plaintiff indicated at that time that there were no additional accommodations that he wanted or needed during his employment. (Id. at 30.)

In opposing defendant's motion, plaintiff does not dispute any of the relevant facts set forth above. Instead, plaintiff argues generally that the defendant "does not provide accommodations in [the] workplace unless the medical conditions arises from an on-the-job injury/worker's compensation claim" and that a "jury could easily find that Pet Supermarket['s] policy of not accommodating people until they were released to full duty" was unlawful and that plaintiff was terminated because he needed an accommodation. (Pl.'s Opp.'n (Dkt. No. 26) at 24-25.) In support of this contention, plaintiff cites to the deposition testimony of Diane Vincent, defendant's Director of Human Resources and Payroll. Plaintiff's counsel, however,

11

1   mischaracterizes that testimony.  Ms. Vincent did not testify that defendant had a policy of not
2   accommodating employees until they were released to full duty.  Rather, she simply testified at
3   her deposition that the defendant had "different rules" depending on the type of accommodation
4   requested by an employee and whether the particular accommodation requested was possible.
5   (DT Vincent (Dkt. No. 26-3) at 145.)  She provided a specific example of an accommodation that
6   the defendant could not accommodate – a restriction to lifting less than 20 pounds – because an
7   essential function of the job in question required the lifting of up to 50 pounds.  (Id. at 145-46.)
8   Ms. Vincent concluded by explaining that whether an accommodation could be made depended
9   on the requirements of the particular job and the nature of the accommodation requested and
10  noting, "I won't say that we will not accommodate."  (Id. at 146.)

11      "[A]n employer is liable under section 12940(m) for failing to accommodate an employee
12  only if the work environment could have been modified or adjusted in a manner that would have
13  enabled the employee to perform the essential functions of the job."  Nadaf-Rahrov v. Neiman
14  Marcus Group, Inc., 166 Cal.App.4th 952, 975 (2008).  Here, the parties' dispute does not
15  concern whether the work environment could have been modified or adjusted in a manner that
16  would have enabled plaintiff to perform the essential functions of his job.  Instead, put simply,
17  plaintiff alleges he was terminated because of his disability and defendant claims plaintiff was
18  terminated because of his poor performance.

19      Given the undisputed facts on summary judgment set forth above, the only conclusion that
20  can be reached is that the defendant communicated with plaintiff regarding possible
21  accommodations and fully accommodated plaintiff.  At bottom, plaintiff is actually contending
22  that although it is undisputed that defendant engaged in the interactive process and provided him
23  all requested accommodations, because they thereafter fired him because they did not like making
24  the accommodations he may proceed on both his failure to accommodate and failure to engage in
25  the interactive process claims in addition to his actual discrimination claim.  If plaintiff's
26  argument were to be adopted in every case where an employee was terminated due to
27  discrimination there would always be, in addition to liability for the discrimination itself, liability
28  based on a failure to accommodate and failure to engage in the interactive process.  Finally,

1    plaintiff's counsel provides no legal authority in support of such a theory and the court has found
2    none.  Cf. A.M. v. Albertsons, LLC, 178 Cal.App.4th 455, 464 (2009) ("The failure to
3    accommodate and the failure to engage in the interactive process are separate, independent claims
4    involving different proof of facts."); Wysinger v. Automobile Club of Southern California, 157
5    Cal.App.4th 413, 424 (2007) ("Here the verdicts on the reasonable accommodation issue and the
6    interactive process claim are not inconsistent.  They involve separate causes of action and proof
7    of different facts."); Bagatti v. Department of Rehabilitation, 97 Cal.App.4th 344, 366 (2002)
8    (noting claim for disability discrimination differs from claim for failure to make reasonable
9    accommodation); Jensen v. Wells Fargo Bank, 85 Cal.App.4th 245, 256 (2000) ("The elements of
10   a failure to accommodate claim are similar to the elements of a Government Code section 12940,
11   subdivision (a) discrimination claim, but there are important differences.").

12        In short, plaintiff's claim is that defendant discriminated against him by terminating him
13   due to his disability.  Accordingly, defendant is entitled to summary judgment in its favor as to
14   plaintiff's claims for failure to accommodate and failure to engage in the interactive process.

15   **III.**    **Failure to Prevent Discrimination**

16        California Government Code § 12940(k) provides that it is an unlawful "for an employer
17   . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from
18   occurring" in the workplace.  "When a plaintiff seeks to recover damages based on a claim of
19   failure to prevent discrimination or harassment []he must show three essential elements:  1)
20   plaintiff was subjected to discrimination, harassment or retaliation; 2) defendant failed to take all
21   reasonable steps to prevent discrimination, harassment or retaliation; and 3) this failure caused
22   plaintiff to suffer injury, damage, loss or harm."  Lelaind v. City and County of San Francisco,
23   576 F.Supp.2d 1079, 1103 (N.D. Cal. 2008).

24        Defendant argues that because plaintiff's claim for discrimination fails, his claim for
25   failure to prevent discrimination also necessarily fails.  However, as discussed above, whether the
26   defendant discriminated against plaintiff is the subject of disputed issues of material fact.
27   Defendant's motion for summary judgment will, therefore, also be denied as to plaintiff's claim
28   brought under California Government Code § 12940(k).

1         CONCLUSION

2         Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that defendant's

3 September 12, 2014 motion for summary judgment (Dkt. No. 25) is granted as to plaintiff's

4 claims for failure to accommodate and failure to engage in the interactive process and denied as

5 to plaintiff's claims for discrimination and the failure to prevent discrimination.

6 Dated: November 20, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.consent\moore1478.msj.ord.docx

14